**STATE OF WISCONSIN**        **CIRCUIT COURT**        **MILWAUKEE**

Karl H. Kraai vs. City of Milwaukee        **Electronic Filing Notice**

Case No. 2020CV002908
Class Code: Declaratory Judgment

FILED
05-08-2020
John Barrett
Clerk of Circuit Court
2020CV002908
Honorable William S. Pocan-26
Branch 26

CITY OF MILWAUKEE
200 E. WELLS STREET
MILWAUKEE WI 53202

26 MAY '20 AM 11:55
OFFICE OF CITY ATTORNEY

Case number 2020CV002908 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: a37523**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4120.

Milwaukee County Circuit Court
Date: May 11, 2020

2020 MAY 20 A 5:12
CITY CLERK'S OFFICE
CITY OF MILWAUKEE

FILED
05-08-2020
John Barrett
Clerk of Circuit Court
2020CV002908
Honorable William S.
Pocan-26
Branch 26

**STATE OF WISCONSIN**    **CIRCUIT COURT**
**MILWAUKEE COUNTY**    **CIVIL COURT DIVISION**

---

**KARL H. KRAAI**
**on behalf of himself and all**
**others similarly situated,**
**c/o MacGillis Wiemer, LLC**
**11040 W. Bluemound Road, Suite 100**
**Milwaukee, WI 53226**

         **Plaintiff,**        **Case Number:**

v.                      **Case Code: 30703, 30701**
                            **Case Type: Unclassified, Declaratory**
                                  **Judgment**

**CITY OF MILWAUKEE**
**200 East Wells Street**
**Milwaukee, WI 53202**

         **Defendant.**

*5-19-20*
*1150 AM*

CITY OF MILWAUKEE
2020 MAY 20 A 5: 12
CITY CLERK'S OFFICE

---

### SUMMONS

---

**THE STATE OF WISCONSIN:**

To the Defendant named above:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written statement, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of Wisconsin Statutes.

OFFICE OF CITY ATTORNEY
26 MAY '20 AM11:56

The Answer must be sent or delivered to the Court, whose address is:

Clerk of Courts
Milwaukee County Courthouse
901 N. 9th Street, Room 104
Milwaukee, WI 53233

and to MacGillis Wiemer, LLC, for the Plaintiff, at:

Attorney Christopher J. MacGillis
MacGillis Wiemer, LLC
11040 W. Bluemound Road, Suite 100
Milwaukee, WI 53226

You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Milwaukee, Wisconsin this 8th day of May, 2020.

MacGILLIS WIEMER, LLC
Attorneys for Plaintiff, Karl H. Kraai, on behalf of himself and all others similarly situated


Christopher J. MacGillis
State Bar No. 1068944
Kevin P. Todt
State Bar No. 1097341

2

<u>Document Drafted By</u>:
MacGillis Wiemer, LLC
11040 W. Bluemound Road, Suite 100
Milwaukee, WI 53226
T: (414) 727-5150
F: (414) 727-5155
chris@macgilliswiemer.com
kevin@macgilliswiemer.com

3

FILED
05-08-2020
John Barrett
Clerk of Circuit Court
2020CV002908
Honorable William S.
Pocan-26
Branch 26

**STATE OF WISCONSIN**       **CIRCUIT COURT**
**MILWAUKEE COUNTY**       **CIVIL COURT DIVISION**

---

**KARL H. KRAAI**
**on behalf of himself and all**
**others similarly situated,**
**c/o MacGillis Wiemer, LLC**
**11040 W. Bluemound Road, Suite 100**
**Milwaukee, WI 53226**

                    **Plaintiff,**

v.

        **Case Number:**
        **Case Code: 30703, 30701**
        **Case Type: Unclassified, Declaratory**
                          **Judgment**

**CITY OF MILWAUKEE**
**200 East Wells Street**
**Milwaukee, WI 53202**

                    **Defendant.**

---

### COMPLAINT

---

NOW COMES Plaintiff, Karl H. Kraai ("Kraai"), on behalf of himself and all others similarly situated, by their attorneys, MacGillis Wiemer, LLC, by Christopher J. MacGillis and Kevin P. Todt, show and allege to the Court as follows:

### PRELIMINARY STATEMENT

1.     This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq*., Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL"), by Plaintiff Kraai, on behalf of himself and all others similarly situated current and former non-exempt employees of the Defendant City of Milwaukee, for the purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid agreed upon wages, liquidated

damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.      Defendant, City of Milwaukee ("City of Milwaukee"), is a municipal agency that is engaged in governmental activities.

3.      Defendant, City of Milwaukee ("City of Milwaukee"), organized and established the City of Milwaukee Fire Department ("Fire Department" or "Department").

4.      Defendant, City of Milwaukee, controls and manages the Fire Department, and by extension, the employees of the Department.

5.      Defendant operated an unlawful compensation system that deprived current and former non-exempt Fire Department employees of their wages earned for all compensable work time, including the requisite overtime pay premium for each hour worked over two hundred four (204) hours in a twenty-seven (27) day work period. Specifically, Defendant's unlawful policies include failing to calculate the regular rate properly for overtime purposes. As a result, every hour worked by Plaintiff exceeding two hundred four (204) hours per twenty-seven (27) day work period for every work period was paid based on the employee's base hourly rate, rather than the overtime premium rate of one and one-half times that employee's regular hourly rate, as required by the FLSA.

6.      Defendant's deliberate and intentional failure to properly compensate its employees for these hours worked violates federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over Defendant in that Defendant is a governmental agency conducting operations throughout the City of Milwaukee, which is a part of Milwaukee County.

8.    Defendant conducts substantial business in Milwaukee County, and Kraai resides in Milwaukee County.

## PARTIES

9.    Defendant is a governmental agency with a principal place of business of 200 East Wells Street, Milwaukee, Wisconsin 53202.

10.    For purposes of the FLSA, Defendant is an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

11.    For purposes of the FLSA, Defendant is an "employer" of Plaintiff, and Plaintiff is "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

12.    Plaintiff Kraai is an adult male resident of the State of Wisconsin who resides in Milwaukee County, Wisconsin.    Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) has been contemporaneously filed with the filing of this Complaint.

13.    Plaintiff has worked as a non-exempt, hourly employee with the City of Milwaukee Fire Department within the last three (3) years from the date of filing of this Complaint, and was a member of the Milwaukee Professional Fire Fighters' Association Local 215, IAFF, AFL-CIO ("Local 215") at all relevant times.

3

14.    Plaintiff brings this action on behalf of himself and all others similarly situated employees of Defendant.  Plaintiff performed similar job duties as other non-exempt City of Milwaukee Fire Department employees employed by Defendant and who were subject to Defendant's same unlawful policies as enumerated herein.

15.    Plaintiff, and all other similarly situated employees on whose behalf he brings this Complaint, performed compensable work within and for the City of Milwaukee.

16.    Defendant supervises Plaintiff's and all other similarly situated employees' day-to-day activities.

17.    Defendant has the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other similarly situated employees.

18.    Defendant has the ability and authority to review Plaintiff's work performance and the work performance of all other similarly situated employees.

19.    Defendant establishes the work rules, policies, and procedures by which Plaintiff and all other similarly situated employees abide in the workplace.

20.    Defendant controls the terms and conditions of Plaintiff's and all other similarly situated employees' employment.

21.    Defendant establishes Plaintiff's and all other similarly situated employees' work schedules and provides Plaintiff and all other similarly situated employees with work assignments and hours of work.

22.    Plaintiff's hours of work and the hours of work of all other similarly situated employees are tracked and recorded by Defendant.

## GENERAL ALLEGATIONS

23.     Plaintiff presently works and has worked for Defendant as a non-exempt, hourly-paid City of Milwaukee employee within the three (3) years preceding the filing of this Complaint, and is a member of Local 215.

24.     Non-exempt City of Milwaukee Fire Department employees of Defendant are employed in various related positions, including but not limited to Milwaukee Firefighter, as a part of Defendant's emergency services activities.

25.     The City of Milwaukee established, pursuant to 29 U.S.C. § 207(k), a twenty-seven (27) day, two hundred four (204) hour work period for the purposes of computing overtime compensation for non-exempt Fire Department employees engaged in fire protection activities.

26.     On a daily basis, Plaintiff, works alongside other non-exempt City of Milwaukee Fire Department employees of Defendant, and engage in fire prevention and suppression activities, as well as emergency medical services.

27.     Defendant's collective bargaining agreement with Local 215, of which Plaintiff and other similarly situated employees of the Defendant are members, contains the terms and conditions of employment for Defendant's non-exempt Local 215 member employees.

28.     Pursuant to the collective bargaining agreement, federal and Wisconsin state law, all hours worked by Plaintiff and all other similarly situated employees in excess of two hundred four (204) hours in a twenty-seven (27) day work period will be compensated at the rate of one and one-half times the employee's regular rate.

5

29.    During the three (3) years preceding the filing of this Complaint, Plaintiff Kraai and similarly situated Fire Department employees routinely worked over two hundred four (204) hours in the twenty-seven (27) day work period.

30.    During the three (3) years preceding the filing of this Complaint, Plaintiff Kraai and similarly situated Fire Department employees received additional remuneration for employment, including but not limited to, longevity bonuses, EMT-II certification bonuses, temporary assignment bonuses, temporary promotion bonuses, educational program bonuses, and special unit bonuses.

31.    Additional remuneration for employment, including the types of remuneration specifically referenced in the preceding paragraph, was not included by Defendant when it calculated the regular rate for Plaintiff Kraai and similarly situated Fire Department employees.

32.    During the three (3) years preceding the filing of this Complaint, Plaintiff Kraai and similarly situated Fire Department employees were paid an overtime premium based on their base hourly rate, rather than their regular rate as defined in 29 U.S.C. § 207(e).

33.    Defendant's practice of paying an overtime premium based on the base rate of pay, rather than the regular rate of pay, operated to deprive Plaintiff and other similarly situated employees of overtime compensation due to them under applicable federal and state laws.

34.    Defendant was or should have been aware that Plaintiff's overtime premium must be computed based on Plaintiff's regular rate of pay, rather his base rate of pay.

35.    Defendant was or should have been aware that similarly situated Fire Department employees' overtime premium should be based upon their regular rate of pay, rather than their base rate of pay.

6

36.      Defendant's policy operated to deprive Plaintiff and all other similarly situated employees of overtime compensation due to them.

37.      Defendant was or should have been aware of its failure to pay an overtime premium rate of one and one-half times the employee's regular hourly rate failed to adequately compensate Plaintiff and similarly situated employees for overtime hours worked.

38.      As a result of Defendant's policy and practice described above, Plaintiff did not receive the full amount of overtime compensation due to him for the three (3) year period preceding the filing of this Complaint.

39.      As a result of Defendant's policy and practice described above, similarly situated employees did not receive the full amount of overtime compensation due to them for the three (3) year period preceding the filing of this Complaint.

**CLASS ACTION ALLEGATIONS**

40.      Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b) and Wis. Stat. § 803.08.  The similarly situated employees include:

> **Proposed Class**: All persons who are or have been employed by Defendant as non-exempt employees of the Fire Department who were engaged in fire protection activities, within three (3) years prior to this action's filing date and have not been compensated for all hours worked in excess of two hundred four (204) hours in a twenty-seven (27) day work period as a result of the Defendant failing to calculate the overtime premium based upon the employee's regular rate.

41.      Defendant, as a matter of policy and practice, did not compensate its employees for all hours of compensable overtime worked performed by the proposed class during a work period.

7

42.    These practices resulted in Plaintiff and the proposed class being denied overtime compensation by Defendant at the rate of one and one-half times their regularly hourly rate of pay for hours worked in excess of two hundred four (204) in a given twenty-seven (27) day work period.

43.    The effect of such a practice was for Defendant to deny the proposed class their wage, including overtime compensation at one and one-half times the regular rate, for hours worked in excess of two hundred four (204) hours within a twenty-seven (27) day period.

44.    The First Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b) and Wis. Stat. § 803.08, by Plaintiff on behalf of the proposed class.

45.    The proposed class claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b) and Wis. Stat. § 803.08.

46.    Upon information and belief, Plaintiff and the proposed class are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the proposed class.

47.    Plaintiff and the proposed class seek relief on FLSA and state wage claim violations, Defendant's practice of failing to properly and lawfully compensate employees for all hours worked including overtime compensation.

48.    The proposed class is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available

8

from Defendant. Notice can be provided to the proposed class via first class mail to the last address known by Defendant and through posting at Defendant's facility in areas where postings are normally made.

49.    Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the proposed class.

50.    Plaintiff Kraai also seeks to represent himself and the other persons who are similarly situated to him because the relatively low dollar amount of failure to properly pay overtime wages by the Defendant make it an appropriate situation for a class to be certified under federal and state law, including Wis. Stat. § 803.08.

51.    Whether or not the Defendant failed to properly pay overtime based upon the regular rate, as required by federal and state law, is a common issue for the Plaintiff and similarly situated Department employees who worked overtime and received additional remuneration beyond his/her base wages.

52.    Plaintiff's claims are typical because he has not been paid the full amount of overtime premium, based upon the regular rate, due under federal and state law.

53.    The number of persons are affected by the Defendant's failure to properly compute overtime compensation are so numerous that joinder of all in a single action is impractical. The disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are approximately six hundred (600) to seven hundred (700) members of the proposed class.

54.    The Plaintiff is an adequate representative of the proposed class.

9

55.    Plaintiff's counsel are adequate and best suited to represent Plaintiff and the class in this matter based on their knowledge of the legal issues involved and their experience in representing members of the proposed class in numerous other actions.

56.    The members of the class are easily ascertained from the Defendant's own records. The Defendant possesses payroll information for each of the persons included in the proposed class. These records are admissible in any proceeding as they are statements made by the Defendant.

57.    The common issue identified for the Plaintiff and the class is also the predominant issue.

58.    A class action is superior to requiring many repetitive individual actions that will raise the same issue and ask for the same relief against the Defendant. The amount of actual damages make individual actions unlikely and Plaintiff is unaware of any individual actions that have been pursued by other non-exempt City of Milwaukee Fire Department employees. In the absence of a class, the state's limit on fees that may be charged will not be enforced and the Defendant will retain an illegal windfall.

### FIRST CLAIM FOR RELIEF
#### Violation of the Fair Labor Standards Act of 1938, as Amended
#### (Plaintiff on behalf of himself and the proposed class)

59.    Plaintiff, on behalf of himself and the proposed class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

60.    At all times material herein, Plaintiff and the proposed class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

61.    At all times material herein, Defendant was an employer of Plaintiff and the proposed class as provided under the FLSA.

10

62.    At all times material herein, Plaintiff and the proposed class were employees of Defendant as provided under the FLSA.

63.    Plaintiff and the proposed class are victims of uniform and Department-wide compensation policy and practice in violation of the FLSA.

64.    Defendant violated the FLSA by failing to account for and compensate Plaintiff and the proposed class for overtime premium pay based on the regular hourly rate, for each hour he/she worked in excess of two hundred four (204) hours each twenty-seven (27) day work period.

65.    Defendant suffered or permitted Plaintiff and the proposed class to perform work without being properly or lawfully compensated for each hour worked. The effect of such a practice was for Defendant to deny Plaintiff and the proposed class their agreed upon wage, including overtime compensation at one and one-half times the regular rate.

66.    The FLSA regulates, among other things, the payment of an overtime premium by public employers.

67.    Defendant was and is subject to the overtime pay requirements of the FLSA.

68.    Defendant's failure to properly compensate Plaintiff and the proposed class was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the proposed class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay based upon the employee's regular rate, Plaintiff and the proposed class are entitled to an award of pre-judgment

11

interest at the applicable legal rate.

69.    As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the proposed class for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

70.    Plaintiff and the proposed class are entitled to damages equal to the overtime premium pay based upon the regular rate within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

71.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violation of WWPCL – Unpaid Overtime**
**(Plaintiff on behalf of himself and the proposed class)**

72.    Plaintiff, on behalf of himself and the proposed class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

73.    At all relevant times, Plaintiff and the proposed class were employees of within the meaning of Wis. Stat. § 109.01(1r).

74.    At all relevant times, Plaintiff and the proposed class were employees of within the meaning of Wis. Stat. § 103.001(5).

75.    At all relevant times, Plaintiff and the proposed class were employees of within the meaning of Wis. Stat. § 104.01(2)(a).

76.    At all relevant times, Defendant was an employer of Plaintiff and the proposed class within the meaning of Wis. Stat. § 109.01(2).

12

77.     At all relevant times, Defendant was an employer of Plaintiff and the proposed class within the meaning of Wis. Stat. § 103.001(6).

78.     At all relevant times, Defendant was an employer of Plaintiff and the proposed class within the meaning of Wis. Stat. § 104.01(3)(b).

79.     At all relevant times, Defendant was an employer of Plaintiff and the proposed class within the meaning of Wis. Admin. Code § DWD 274.015.

80.     At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the proposed class within the meaning of Wis. Stat. §§ 109.01 *et seq*., 103.01 *et seq*., 104.01 *et seq*., and Wis. Admin. Code § DWD 274.01 *et seq*.

81.     Throughout the relevant time period, Plaintiff and the proposed class regularly performed activities that were an integral and indispensable part of his or her principal activities without receiving compensation for these activities.

82.     At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the proposed class overtime compensation.

83.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

84.     Defendant willfully failed to pay Plaintiff and the proposed class overtime premium compensation for all hours worked in excess of two hundred four (204) hours a twenty-seven (27) day work period, in violation of Wisconsin Wage Payment Laws.

85.     As set forth above, Plaintiff and the proposed class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the proposed class seek damages in the amount of their respective unpaid

13

compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the proposed class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

86.     Plaintiff and the proposed class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

### THIRD CLAIM FOR RELIEF
#### WWPCL - Failure To Pay Agreed Upon Wage
#### (Plaintiff on behalf of himself and the proposed class)

87.     Plaintiff, on behalf of himself and the proposed class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

88.     Plaintiff and the proposed class have been entitled payment from Defendant at the agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked by Plaintiff and the proposed class pursuant to Wis. Stat. § 109.03.

89.     Defendant violated the WWPCL by failing to properly compensate Plaintiff and the proposed class for each hour worked by Plaintiff and the proposed class through the failure to pay the overtime premium as described above.

90.     As set forth above, Plaintiff and the proposed class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff, on behalf of himself and the proposed class, seeks damages in the amount of Plaintiff and the proposed class members' respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

14

Under Wis. Stat. § 109.11, Plaintiff and the proposed class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

91. Plaintiff, on behalf of himself and the proposed class, seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to Wisconsin Wage Payment Laws.

## DEMAND FOR RELIEF

**WHEREFORE**, it is respectfully requested that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former Department employees informing them of this action and their rights to participate in this action and including such future employees who may commence employment during the pendency of this action. Such Notice shall inform all similarly-situated current and qualified former Department employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current, future, and qualified former Department employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Wis. Stat. § 803.08;

c) At the earliest possible time, issue an Order appointing MacGillis Wiemer, LLC as class counsel pursuant to Wis. Stat. § 803.08;

d) Issue an Order declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the regular rate, as provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated employees damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing compensable overtime work for which they were not paid pursuant to the regular rate, as provided by the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-

15

situated Department employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

i) For benefits for the full amount of the Plaintiff's damages to be determined by a jury; and

j) Provide Plaintiff and all other similarly situated employees with such other and further relief, as the Court deems just and equitable.

**PLEASE TAKE NOTICE THAT THE PLAINTIFF DEMANDS A TRIAL BY A TWELVE (12) PERSON JURY IN THE ABOVE MATTER.**

Dated at Milwaukee, Wisconsin, this 8th day of May, 2020.

**MacGILLIS WIEMER, LLC**
Attorneys for Plaintiff, Karl H. Kraai, on behalf of himself and all others similarly situated


Christopher J. MacGillis
State Bar No. 1068944
Kevin P. Todt
State Bar No. 1097341


Document Drafted By:
MacGillis Wiemer, LLC
11040 W. Bluemound Road, Suite 100
Milwaukee, WI 53226
T: (414) 727-5150
F: (414) 727-5155
chris@macgilliswiemer.com
kevin@macgilliswiemer.com

16

## CITY OF MILWAUKEE – FIRE DEPARTMENT
## CONSENT TO JOIN FORM

Pursuant to 29 U.S.C. § 216(b), I hereby consent to make a claim against the City of Milwaukee (the "City") for overtime, agreed-upon wages, and/or any other claim for wages brought in this action against the City.  If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against the City.  I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf as designate Karl H. Kraai as class representative to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. During the past three years there were times that I worked for the City without being compensated for each hour I worked including overtime premium compensation based on my regular rate.

NAME:    _Karl Kraai_
Please Print Name

SIGNATURE:    _____
Please Sign Name

DATE:    _5-4-20_
Date

Please Mail to:    Christopher J. MacGillis / Kevin P. Todt
MacGillis Wiemer, LLC
11040 W. Bluemound Road, Suite 100
Milwaukee, WI 53226
T: (414) 727-5150
F: (414) 727-5155