# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF WISCONSIN

**KARL H. KRAAI**
**on behalf of himself and all**
**others similarly situated,**

       **Plaintiff,**

v.                                            Case No.: 2:20-CV-909

**CITY OF MILWAUKEE**

       **Defendant.**

## STIPULATION FOR CERTIFICATION OF A CLASS
## PURSUANT TO FED. R. CIV. P.23
## AND OF A COLLECTIVE ACTION
## PURSUANT TO THE FAIR LABOR STANDARDS ACT

Plaintiff Karl Kraai (the "Named Plaintiff") and Defendant City of Milwaukee ("the City"), by and through their counsel, submit this Joint Stipulation for Certification of a Class Pursuant to Fed. R. Civ. P. 23 and of a Collective Action Pursuant to the Fair Labor Standards Act. This stipulation is entered into for purposes of the settlement reached between the parties.

1. The parties, through arms-length negotiation, reached a settlement in this case, as embodied in the Settlement Agreement and Release of Claims.

2. For settlement purposes only, the parties agreed to stipulate to certification of the following proposed Fed. R. Civ. P. 23 class (the "Class"):

> All persons who are or have been employed by the City of Milwaukee as non-FLSA-exempt employees of the Milwaukee Fire Department engaged in fire protection activities, within two (2) years prior to May 8, 2020, and who allege they have not been fully compensated for all hours worked in excess of two hundred four (204) hours per twenty-seven (27) day work period based upon an undercalculation of the regular rate.

3. The parties stipulate and agree that the requisites for establishing Fed. R. Civ. P. 23 class certification have been and are met for the Class. More specifically, the parties stipulate and agree that:

   a. The Class is so numerous as to make it impracticable to join all class members; and

   b. There are common questions of law and fact including, but not limited to, the following:

   i. Whether the City unlawfully failed to pay the Named Plaintiff and other Class members the additional compensation required by Wisconsin law.

   ii. The nature of compensable work performed by the Named Plaintiff and other Class members.

   iii. The amount to be paid to each Class and Collective member who participate in the lawsuit, as calculated by Plaintiff's counsel.

   c. The Named Plaintiff has claims typical of the claims of Class members with respect to the violations alleged in the First Amended Complaint;

   d. The Named Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the Class; and

   e. Questions of law and fact common to the Class members predominate over any questions affecting any individual member of the Class and a class action is superior to other available means for the fair and efficient adjudication of this controversy.

4. In addition, for settlement purposes only, the parties agreed to stipulate to certification of this case as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), with respect to the following collective:

> All persons who are or have been employed by the City of Milwaukee as non-FLSA-exempt employees of the Milwaukee Fire Department engaged in fire protection activities, within three (3) years prior to May 8, 2020, and who allege they have not been fully compensated for all hours worked in excess of two hundred four (204) hours per twenty-seven (27) day work period based upon an undercalculation of the regular rate.

5. Subject to the Court's preliminary approval of the parties' settlement, Class Counsel intends to send a notice to the Rule 23 class members, as well as to those individuals that may be eligible to participate as part of the FLSA collective action. The notice that Class Counsel intends to send is attached as **Exhibit 3** to the Settlement Agreement and Release of Claims.

6. If the parties' proposed settlement is not finally approved by the Court, or the settlement is terminated or fails to become effective in accordance with the terms of the Settlement Agreement and Release of Claims, this stipulation and the Court's order as to this stipulation shall be vacated without further order of the Court and without prejudice to the right of any party to seek or oppose class certification and collective action status thereafter.

Dated this 10th day of August, 2022.

| | |
|---|---|
| MACGILLIS WIEMER, LLC | CITY OF MILWAUKEE |
| | |
| *s/ Christopher J. MacGillis* | *s/ Robin Pederson* |
| Christopher J. MacGillis SBN: 1068944 | Robin Pederson SBN: 1045759 |
| Attorney for Plaintiff | Attorney for Defendant |
| MacGillis Wiemer, LLC | Milwaukee City Attorney's Office |
| 11040 W. Bluemound Rd., Suite 100 | 200 E. Wells St., Room 800 |
| Milwaukee, WI 53226 | Milwaukee, WI 53202 |
| Telephone: (414) 727-5150 | Telephone: (414) 286-2601 |
| Fax: (414) 727-5155 | Fax: (414) 286-8550 |
| E-Mail: chris@macgilliswiemer.com | E-Mail: rpederson@milwaukee.gov |

Kevin P. Todt SBN: 1097341
Attorney for Plaintiff
MacGillis Wiemer, LLC
11040 W. Bluemound Rd., Suite 100
Milwaukee, WI 53226
Telephone: (414) 727-5150
Fax: (414) 727-5155
E-Mail: kevin@macgilliswiemer.com