# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KARL H. KRAAI,**

          **Plaintiff,**

          v.                         **Case No. 20-CV-909**

**CITY OF MILWAUKEE,**

          **Defendant.**

## ORDER

Before the court is the parties' joint motion to restrict certain documents. (ECF No. 33.) As an initial matter, the motion says that it is seeking to seal "Exhibit 1 to Exhibit A (the executed Settlement Agreement)." That description corresponds with the document filed as ECF No. 33-2. However, when counsel filed the motion he restricted all attachments. Based on discussions with counsel during a telephonic conference on August 11, 2022, counsel indicated that the only concern is with respect to the right column of ECF No. 33-2 which indicates the amount of liquidated damages payable to each class member.

Ordinarily, when only a portion of a document is properly withheld from public view, the proper procedure is to submit two versions of the document—one that will be

restricted and a second version that will be viewable by the public but redacts the portion of the document that is confidential. *See* Gen. L.R. 79(d)(2). Therefore, at a minimum counsel should have filed a version of ECF No. 33-2 that redacted only the right column.

However, the defendant is the City of Milwaukee, whose records are subject to Wisconsin's open records laws. *See* Wis. Stat. §§ 19.21-19.39. Good cause to restrict a record does not exist if the record is subject to disclosure under an open records law. *See* Gen. L.R. 79(d)(3). Plaintiff's counsel stated that, although employee wage information is public, liquidated damages paid to an employee would not be public, and therefore restricting that information is appropriate.

There is "presumption of complete public access" to all government records in Wisconsin. *Zellner v. Cedarburg Sch. Dist.*, 2007 WI 53, ¶31, 300 Wis. 2d 290, 306, 731 N.W.2d 240, 248 (quoting Wis. Stat. § 19.31). Documents related to the settlement of litigation are subject to a balancing. *Journal/Sentinel v. Sch. Bd.*, 186 Wis. 2d 443, 457, 521 N.W.2d 165, 171 (Ct. App. 1994). "The interests to be balanced are, on the one hand, the 'harm to the public interest by disclosure,' and, on the other hand, 'the public interest in inspection.'" *Journal/Sentinel v. Sch. Bd.*, 186 Wis. 2d 443, 457, 521 N.W.2d 165, 171 (Ct. App. 1994) (quoting *Butler v. Cohen*, 163 Wis. 2d 819, 829, 472 N.W.2d 579, 583 (Ct. App. 1991); citing *State ex rel. Youmans v. Owens*, 28 Wis. 2d 672, 681-82, 137 N.W.2d 470, 474

(1965)). A party's interest in privacy or confidentiality is not a relevant factor in that balancing. *Id*.

The public has a strong interest in knowing specifically how its government settles litigation and the costs expended toward that end. And although a promise of confidentiality may be a modest incentive for a plaintiff to settle litigation short of trial, *see Journal/Sentinel*, 186 Wis. 2d at 458, 521 N.W.2d at 172; *In re Estates of Zimmer*, 151 Wis. 2d 122, 133, 442 N.W.2d 578, 583 (Ct. App. 1989), such an interest is not enough reason to withhold the monetary details of the present settlement. In any event, there is no indication that maintaining the secrecy of the amount of the liquidated damages paid to each class member was a provision of the parties' negotiated settlement.

Accordingly,

**IT IS THEREFORE ORDERED** that the parties' joint motion to restrict documents (ECF No. 33) is **denied**.

Dated at Milwaukee, Wisconsin this 11th day of August, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge