UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

**KARL H. KRAAI,**
**on behalf of himself and all**
**others similarly situated,**

              **Plaintiff,**

v.                                   Case No. 20-CV-909

**CITY OF MILWAUKEE,**

              **Defendant.**

## ORDER GRANTING PRELIMINARY APPROVAL OF
## CLASS ACTION SETTLEMENT, CERTIFICATION OF A RULE 23
## CLASS, AND CERTIFICATION OF A COLLECTIVE ACTION

Based on the parties' submissions in support of their Joint Motion for Preliminary Approval of Class Action Settlement, Certification of a Rule 23 Class, and Certification of a Collective Action, as well as the record as a whole, IT IS ORDERED that:

1.      Preliminary approval of the parties' Settlement Agreement and Release of Claims (the "Settlement Agreement") is granted as the Court finds that the settlement terms negotiated by the Parties and described in the Settlement Agreement are a fair and reasonable resolution of a bona fide dispute between Defendant and all affected

employees and other persons who performed production work for Defendant during the relevant timeframes at the relevant facilities.

2. Plaintiff's Rule 23 class is certified for settlement purposes pursuant to Fed. R. Civ. P. 23. The Court finds that this class meets the requirements of Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3). The class is defined as follows:

> All persons who are or have been employed by the City of Milwaukee as non-FLSA-exempt employees of the Milwaukee Fire Department engaged in fire protection activities, within two (2) years prior to May 8, 2020, and who allege they have not been fully compensated for all hours worked in excess of two hundred four (204) hours per twenty-seven (27) day work period based upon an undercalculation of the regular rate.

3. Karl Kraai shall serve as the representative for the certified Fed. R. Civ. P. 23 class.

4. The law firm of MacGillis Wiemer, LLC is hereby appointed as class counsel for the certified Fed. R. Civ. P. 23 class.

5. The Court certifies this case as a collective action pursuant to 29 U.S.C. § 216(b) with respect to the following collective:

> All persons who are or have been employed by the City of Milwaukee as non-FLSA-exempt employees of the Milwaukee Fire Department engaged in fire protection activities, within three (3) years prior to May 8, 2020, and who allege they have not been fully compensated for all hours worked in excess of two hundred four (204) hours per twenty-seven (27) day work period based upon an undercalculation of the regular rate.

6. The Court approves the Notice of Class Action and Collective Action Settlement (the "Notice") (ECF No. 33-4 at 2-7) and Consent and Claim Form (ECF No. 33-5 at 2-3).

7. The Notice constitutes the best notice practicable under the circumstances, including individual notice to all Class Members and potential Collective Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Class Members and potential Collective Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution. Such notice shall be mailed within ten (10) days of the date of this Order.

8. Each potential Class Member who wishes to be excluded from the Settlement Class must opt-out per the instructions set forth in the Notice, and any such responses must be received within sixty (60) days of the mailing of the Notice.

9. Any Class Member who has not properly and timely requested exclusion from the Settlement Class shall be bound in the event the Court issues a final order approving the Settlement Agreement.

10. The Court will conduct a Fairness Hearing on December 20, 2022, at 10:00 AM in Courtroom 242, United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin, to determine whether the Settlement Agreement should be approved as fair, reasonable, and adequate and whether the proposed final order approving the Settlement Agreement should be entered.

11.     Class Counsel shall file a Petition for Approval of Attorneys' Fees and Costs at least twenty-one (21) days prior to the Fairness Hearing, which shall not exceed $400,000. Any supplemental brief in support of final approval of the Settlement Agreement or in response to any objections to the application for attorneys' fees is to be filed at least seven (7) days before the Fairness Hearing. The Court shall determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel.

12.     Any Class Member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objections per the instructions set forth in the Notice no later than sixty (60) days after the mailing of the Notice, together with copies of all papers in support of his or her position. The Court will not consider objections of any Class Member who has not properly served copies of his or her objections on a timely basis.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 23rd day of August, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge